**ERIC I. PRUSAN**
*ATTORNEY AND COUNSELOR AT LAW*
**200 OLD COUNTRY ROAD, SUITE 680**
**MINEOLA, NY 11501**
Tel: (516) 747-6461
Fax: (516) 739-3887

**VIA Electronic Filing**

The Honorable Gary R. Brown,
United States District Court
For the Eastern District of New York
P.O. Box 9014
100 Federal Plaza
Central Islip, New York 11722

    Re:    <u>Bermudez v. Karoline's, et.al.</u>
              12- CV- 06245 (LDW) (GRB)

Your Honor:

      This office represents the defendants in the above referenced matter.  The Second Circuit's recent decision, <u>Palma v. NLRB</u>, 2013 WL 3455518 has called into the question whether undocumented aliens can receive backpay compensatory damages in employment litigation.  However, prior to discussing <u>Palma</u>, a discussion of the earlier case law upon which <u>Palma</u> relies, must be undertaken first.

      The <u>Palma</u> Court relies on a United States Supreme Court holding <u>in Hoffman Plastic Compounds Inc., v. NLRB</u>, 535 U.S. 137;  122S.Ct.1275 (2002) ("<u>Hoffman</u>"), a case in which the employee, an undocumented alien, was not legally authorized to work in the United States. Said employee was hired to operate machines for Hoffman, a company that formulates chemical compounds for businesses. (Id. at 140).  Said employee (Castro) had submitted fraudulent documents purporting to allow him to legally work.

      When Mr. Castro began supporting a campaign to unionize the Hoffman plant at which he worked, he was laid off along with other employees who had helped in union organizing activities.  Three years later, the National Labor Relations Board ("NLRB" or "Board") found that Hoffman had violated the National Labor Relations Act (NLRA) by ridding itself of union supporters.  Among other remedial actions, the Board Ordered that Castro and the others be offered reinstatement with backpay. (Id. at 141).

At a compliance hearing, Castro admitted to submitting fraudulent documents allowing him to work, including submitting a birth certificate of a friend rather than his own. He also admitted that he did not enter or ever work legally in The United States. Thus, the ALJ found that the NLRB could not award back pay or reinstatement as said awards would be in conflict with the Immigration Control and Reform Act (IRCA) the statute which forbids employers from knowingly hiring undocumented workers (8 U.S.C. 1324a). (Id.at 141).

Four years later, and nine years after Castro was fired, the Board reversed the ALJ with respect to back pay. Upon appeal, the Court of Appeals first denied Hoffman's petition for review and then after a hearing en banc, enforced the Board's backpay award. (Id.at 142).

The United States Supreme Court reversed stating although the NLRB has broad power, that this Court has consistently set aside backpay awards where the employee committed misconduct. Further, the Court ruled that awarding backpay would "trivialize" immigration laws and "condone and encourage future violations." (Id. at 150). Thus the Court concluded that awarding backpay to illegal aliens "would unduly trench upon explicit statutory prohibitions critical to federal immigration policy as expressed in IRCA… and would encourage the successful evasion of apprehension by immigration authorities, condone prior violations of the immigration laws and encourage future violations." (Id. at 154). [*emphasis added*].

Palma, decided 11 years later, affirms the holding and principles set forth in Hoffman regarding backpay. In Palma, an employee (Palma) seeks review of a decision by the NLRB reversing an ALJ who had granted Palma backpay due to the actions of the employer, Mezonos Maven Bakery, Inc., ("Mezonos"). As was the employee in Hoffman, Mr. Palma had been terminated for union activity. At the compliance hearing, Mezonos, citing Hoffman, argued that Palma was not entitled to backpay or reinstatement as he was not legally present or able to work in the United States.

During the compliance hearing, Mezonos sought to examine Palma and others regarding their immigration status but their attorney objected and upon its overruling, counseled his client to invoke his Fifth Amendment Right against self-incrimination. The hearing was adjourned to determine whether the employees must be forced to answer rather than be allowed to assert said right. However, prior to recommencement, NLRB General Counsel conceded that Palma and the others were undocumented aliens.

Even with said admission, the ALJ distinguished Hoffman and ruled that the employer was at fault so Hoffman would not apply.

The Board, citing Hoffman, reversed and precluded the backpay award ruling "Hoffman's holding is categorically worded with no distinction based on the identity of the IRCA violator and… the decision broadly precludes backpay awards" regardless of who violated IRCA.

The Court of Appeals affirmed the Board's decision ruling that Palma cannot recover damages based upon an illegal employment relationship and because he was in the country illegally. The issue of conditional reinstatement was remanded to the Board.

The Court also ruled that although IRCA does not impose criminal sanctions on undocumented aliens for working illegally, it cannot be argued that Congress meant to encourage undocumented aliens to work by awarding them backpay.

At bar, upon information and belief, all of the plaintiffs were, at the time of their employment, undocumented aliens illegally in the United States without proper documentation allowing them to work. As soon as they were asked to provide proof of their ability to legally work, they all quit and then decided to bring this action

It follows then that Defendants must be allowed to questions the plaintiffs as to their immigration and work status at the time of their employment with Karoline's. If the plaintiffs have no remedy available to them, it will be a waste of judicial resources if their immigration and work status is not determined at the outset in a hearing.

In <u>Palma</u>, the Court stated no objection to that hearing being adjourned to determine if questioning the employees as to said status is proper. Thus, it is most respectfully submitted that said questioning is proper and in the case at bar, absolutely necessary. Plaintiff's claims seek back pay and thus if the Court Finds after such a hearing that plaintiffs have violated immigration rules, the complaint must be dismissed as backpay is not an available remedy under <u>Hoffman,</u> <u>Palma</u> and IRCA.

Thank you for your courtesy

Respectfully submitted,

Eric I. Prusan (3659)
Attorney for Plaintiff